UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY KENNETH WILLIAMS,

    Petitioner,

-vs-                                    CASE NO. 8:17-cv-611-T-27MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, a Florida inmate, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Dkt. 1). Respondent moves to dismiss the petition as time-barred (Dkt. 12).[1] The motion to dismiss is GRANTED.

### Procedural Background

Petitioner was convicted of two counts of sexual battery, and one count of lewd molestation (Respondent's Ex. 4). He was sentenced to 30 years on the lewd molestation count, and to life in prison on the sexual battery counts (Respondent's Ex. 5). The convictions and sentences were affirmed on appeal on September 12, 2007 (Respondent's Ex. 9). On December 21, 2007, Petitioner filed a Petition for Writ of Habeas Corpus in the Florida Second District Court of Appeal (Respondent's Ex. 10). That petition was denied on January 16, 2008 (Respondent's Ex. 12).

On November 5, 2007, Petitioner filed a motion for post-conviction relief under Florida Rules of Criminal Procedure, Rule 3.850 (Respondent's Ex. 15). That motion was denied on March

---

[1] Despite being given the opportunity, Petitioner did not file a reply (see Dkt. 9, p. 4; Dkt. 16).

9, 2011 (Respondent's Ex. 24). The appellate court reversed and remanded the case to the circuit court to allow Petitioner an opportunity to amend claim 1 of the motion (Respondent's Ex. 28); *Williams v. State*, 99 So.3d 593 (Fla. 2d DCA 2012). After claim 1 was amended, the circuit court denied the claim on September 23, 2013 (Respondent's Ex. 31). Petitioner did not timely file a notice of appeal. Rather, he filed a petition for belated appeal, which was granted on September 4, 2014 (Respondent's Ex. 32). The appellate court affirmed the denial of the Rule 3.850 motion (Respondent's Ex. 34), and the appellate court mandate issued on March 11, 2016 (Respondent's Ex. 35). Petitioner filed his federal habeas petition in this court in March 2017 (Dkt. 1).

## Discussion

Respondent moves to dismiss the petition as time-barred under 28 U.S.C. §2244(d), arguing that more than one year passed after Petitioner's judgment became final. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's convictions were affirmed by the state appellate court on September 12, 2007. They became final 90 days later, on December 11, 2007, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. *Clay v. United States*, 537 U.S. 522, 527

(2003); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Petitioner's November 2007 Rule 3.850 motion tolled the limitations period until October 23, 2013, when the time for filing an appeal from the denial of the motion expired.

The statute of limitations period began to run on October 24, 2013, and ran for 277 days until Petitioner filed a petition for a belated appeal of the order denying his Rule 3.850 motion on July 28, 2014.[2] *See Washington v. Jones*, 2017 U.S. Dist. LEXIS 173327, at *12 (S.D.Fla. October 18, 2017) (citing *Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137 (11th Cir. 2015); *Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000) (stating that, just as with applications for leave to file a second motion for state post-conviction review, applications for leave to file belated appeals toll the AEDPA's limitations period if they are granted)). The limitations period remained tolled until the appellate court mandate issued on March 11, 2016, and elapsed 88 days later on June 7, 2016. As noted, his § 2254 petition was not filed until March 2017. Accordingly, it is time-barred.[3]

Petitioner's petition for writ of habeas corpus (Dkt. 1) is therefore **DISMISSED**. The **Clerk** shall enter judgment against Petitioner and close this case.

**Certificate of Appealability**

A certificate of appealability will issue only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this court's assessment of the constitutional claims

---

[2] The court takes judicial notice of information on the Florida Second District Court of Appeal's website, http://199.242.69.70/pls/ds/ds_docket, which indicates that Petitioner filed a petition for belated appeal on July 28, 2014, in case number 2D14-3515.

[3] Petitioner neither alleges entitlement to equitable tolling of the limitations period, nor makes a colorable showing of actual innocence. *See McQuiggin v. Perkins*, U.S., 133 S. Ct. 1924 (2013) (actual innocence can overcome the statute of limitations in AEDPA); *Holland v. Florida*, 560 U.S. 631, 645 (2010) ("[28 U.S.C.] § 2244(d) is subject to equitable tolling in appropriate cases.").

3

debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time-barred is procedural). Petitioner cannot make that showing. And since he is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** on November 9th, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Petitioner *pro se;* Counsel of Record

4